UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALAN GRIFFIN,<br><br>            Petitioner,<br><br>    v.<br><br>DOERER, et al.,<br><br>            Respondent. | No.  1:25-cv-00015-HBK (HC)<br><br>ORDER DISMISSING PETITION WITH LEAVE TO FILE A FIRST AMENDED PETITION<br><br>THIRTY DAY DEADLINE |

On November 1, 2024, Petitioner, who was housed at the United States Penitentiary in Atwater, California, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. No. 1). The Petitioner was transferred to this Court from the District of Central California on January 6, 2025. (Doc. No. 6). A preliminary screening of the Petition reveals that it fails to comply with Rule 2(c) of the Rules Governing Section 2254 Cases. Therefore, the Court will afford Petitioner an opportunity to file an amended petition before recommending dismissal of this action.

**DISCUSSION**

**A.  Preliminary Review of Petition**

Rule 4 of the Rules Governing § 2254[1] Cases requires the Court to make a preliminary

---

[1] The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. See Rule 1 of the Rules Governing Section 2254 Cases. Civil Rule 81(a)(2) provides that the rules are "applicable to proceedings for . . . habeas corpus . . . to the extent that the practice in such proceedings is not set forth in statutes of the United States and has

1

review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

### B. Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute.  Title 28 U.S.C. § 2241(c)(3) provides that the writ of habeas corpus shall not extend to a prisoner unless "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . .." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

In addition to the above, Rule 2(c) of the Rules Governing Section 2254 Cases requires that the petition:

(1) Specify all the grounds for relief available to the petitioner;
(2) State the facts supporting each ground;
(3) State the relief requested;
(4) Be printed, typewritten, or legibly handwritten; and
(5) Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Further, 28 U.S.C. § 2242 requires a petitioner to allege the facts concerning the petitioner's commitment or detention.

Initially, the Court notes the Petition is not on the approved form.  Therefore, it lacks critical information.  Rule 2(d) requires that a petition "substantially follow either the form appended to [the] rules or a form prescribed by a local district-court rule."  The Court finds the use of the approved form to be more efficient.

---

heretofore conformed to the practice of civil actions."  Fed. R. Civ. P 81(a)(2).

To the extent discernable, the Petition asserts Petitioner is actually innocent of his career offender status because the convictions on his predicate offenses were "unconstitutional and toxic negotiable instruments." (Doc. No. 1). However, the Petition is deficient in facts concerning his federal conviction, the sentence he received, or any specific facts to establish that the remedy provided under 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of his detention" such that Petitioner may challenge the legality of his confinement through the "savings clause" provision of § 2255(e). (*See id*.); 28 U.S.C. § 2255(e); *see also Jones v. Hendrix*, 599 U.S. 465, 478 (2023) ("After AEDPA, as before it, the savings clause preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence.").

Moreover, while the Petition includes a section on "post conviction proceedings," it does not provide specific information about the court in which he sought prior relief, whether in the court of conviction or court of custody. (Doc. No. 1 at 8). Without this information, the Court cannot determine whether it has jurisdiction, under which code section it has jurisdiction, whether the petition states a cognizable claim; or whether Petitioner satisfies the savings clause as set forth in 28 U.S.C. § 2255. Because the Petition fails to specify the ground(s) for relief and facts supporting the ground(s) as required under Rule 2(c), it fails to state a cognizable federal habeas claim and is subject to dismissal.

Petitioner will be granted an opportunity to file an amended petition curing these deficiencies if he is able. Should Petitioner file an amended petition, he is also advised that it will supersede the Petition and become the operative pleading. *See Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (en banc). The amended petition must be free-standing, *i.e.* it must be <u>complete</u> without reference to the prior petition or any superseded pleading, and must include <u>all</u> grounds for relief and supporting facts. *See also* Local Rule 220. The Court does not accept piecemeal pleadings.

The Court will also direct the Clerk of Court to provide Petitioner with a blank form petition. Petitioner should use the enclosed form and title the pleading "First Amended Petition." Petitioner is forewarned that his failure to comply with this order will result in a recommendation

that the petition be dismissed pursuant to Local Rule 110.

Accordingly, **IT IS ORDERED**:

1. The Petition (Doc. No. 1) is DISMISSED with leave to amend.
2. Petitioner is GRANTED **thirty days (30)** from the date of service of this Order in which to file a First Amended Petition.
3. The Clerk of Court shall provide Petitioner with a habeas corpus § 2241 form with this Order for Petitioner's use in preparing his First Amended Petition.
4. If Petitioner fails to timely file a First Amended Petition the undersigned will recommend the Court dismiss the petition for the reasons set forth above and/or for Petitioner's failure to prosecute this action and/or the deficiencies identified above.

Dated:  January 27, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE