UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALAN GRIFFIN,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>DOERER, et al.<br><br>　　　　　Respondent. | Case No.  1:25-cv-00015-HBK (HC)<br><br>ORDER TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION[1]<br><br>(Doc. No. 1)<br><br>FOURTEEN-DAY OBJECTION PERIOD |

     Petitioner Raymond Alan Griffin is a federal prisoner proceeding pro se on his petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition"), which was transferred by the Central District of California to this Court on January 6, 2025. (Doc. Nos. 1, 6). On January 27, 2025, the Court conducted a preliminary review of the Petition and determined that the Petition failed to comply with Rule 2(c) of the Rules Governing Section 2254 Cases.[2] (Doc. No. 11). Specifically, Petitioner appears to assert he is actually innocent of his career offender status because the

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

[2] The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. See Rule 1 of the Rules Governing Section 2254 Cases. Civil Rule 81(a)(2) provides that the rules are "applicable to proceedings for . . . habeas corpus . . . to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice of civil actions." Fed. R. Civ. P 81(a)(2).

1  convictions on his predicate offenses were "unconstitutional and toxic negotiable instruments,"
2  but the Petition failed to include any facts or additional information supporting his ground(s) for
3  relief as required under Rule 2(c) of the Rules Governing Section 2254 Cases.  (*Id*. at 2-3).  The
4  Court afforded Petitioner an opportunity to file an amended petition within thirty days and
5  provided him with the proper form.  (*Id*.).  On March 6, 2025, upon receiving Petitioner's notice
6  of change of address, the Court directed the Clerk of Court to remail a copy of the January 27,
7  2025 Order, and *sua sponte* granted an extension of time for Petitioner to file his First Amended
8  Petition to April 4, 2025.  (Doc. No. 14).
9       Petitioner has not filed a First Amended Petition, and the deadline to do so has passed.
10 The Court duly warned Petitioner that if he failed to file an amended petition, the undersigned
11 would recommend that the Petition be dismissed for the above reasons and/or for his failure to
12 prosecute this action.  Therefore, the undersigned recommends the district court dismiss this
13 action without prejudice.

**I. APPPLICABLE LAW**

15       Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action
16 when a litigant fails to prosecute an action or fails to comply with other Rules or with a court
17 order.  *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889
18 (9th Cir. 2019) (citations omitted).  Local Rule 110 similarly permits the court to impose
19 sanctions on a party who fails to comply with the court's Rules or any order of the court.
20      Before dismissing an action under Fed. R. Civ. P. 41, the court *must* consider: (1) the
21 public interest in expeditious resolution of litigation; (2) the court's need to manage a docket; (3)
22 the risk of prejudice to defendant; (4) public policy favoring disposition on the merits; and (5) the
23 availability of less drastic sanctions.  *See Applied Underwriters*, 913 F.3d at 889  (noting that
24 these five factors "must" be analyzed before a Rule 41 involuntarily dismissal) (emphasis added);
25 *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (reviewing five factors and
26 independently reviewing the record because district court did not make finding as to each); *but*
27 *see Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000) (listing the same, but
28 noting the court *need not* make explicit findings as to each) (emphasis added); *Ferdik v. Bonzelet*,

2

1  963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal of *pro se* § 1983 action when plaintiff did not amend caption to remove "et al" as the court directed and reiterating that an explicit finding of each factor is not required by the district court).

## II. ANALYSIS

The undersigned considers the above-stated factors and concludes the majority of the above factors favor dismissal in this case. As to the first factor, the expeditious resolution of litigation is deemed to be in the public interest. *Yourish v. California Amplifier*, 191 F.2d 983, 990-91 (9th Cir. 1999). Turning to the second factor, the court's need to efficiently manage its docket cannot be overstated. This court has "one of the heaviest caseloads in the nation," and due to the delay in filling judicial vacancies, which was further exacerbated by the Covid-19 pandemic, it operated under a declared judicial emergency through May 2, 2021. *See In re Approval of the Judicial Emergency Declared in the Eastern District of California*, 956 F.3d 1175 (9th Cir. 2020). This Court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant. The Court cannot effectively manage its docket when a litigant ceases to litigate his/her case or respond to a court order. Thus, the Court finds that the second factor weighs in favor of dismissal.

Delays inevitably have the inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a respondent. *See Sibron v. New York*, 392 U.S. 40, 57 (1968). Thus, the third factor – risk of prejudice to respondent – weighs in favor of dismissal since a presumption of injury arises from the unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Because Petitioner's inaction amounts to an unreasonable delay in prosecuting this action, the third factor weighs in favor of dismissal.

As to the fourth factor, a preference to rule on the merits usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). Here, the Petition is facially deficient. As noted in the Court's previous Order, the Petition fails to identify all the ground(s) for relief and state facts to support those ground(s) for relief as required under Rule 2(c). (*See generally* Doc. No. 1; Doc. No. 11). Thus, Petitioner

3

has not presented a matter on the merits for the Court to consider.  Additionally, the instant dismissal is a dismissal *without* prejudice, which is a lesser sanction than a dismissal with prejudice.  And finally, a court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "consideration of alternative" requirement.  *See Ferdik*, 963 F.2d at 1262.  The Court's previous Order expressly warned Petitioner that if he failed to respond, the undersigned would recommend the district court dismiss the Petition.  (Doc. No. 11 at 4, ¶4).  Thus, Petitioner had adequate warning that dismissal would result from his noncompliance with the Court's order.

After considering the factors set forth *supra* and binding case law, the undersigned recommends dismissal, without prejudice, under Fed. R. Civ. P. 41 and Local Rule 110.

Accordingly, it is **ORDERED**:

The Clerk of Court is directed to assign a district judge to this case.

It is further **RECOMMENDED**:

This case be dismissed without prejudice for failure to prosecute and/or comply with a court order.

////

////

////

**NOTICE TO PARTIES**

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court.  *Id*.; Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**.  The Court will not consider exhibits attached to the Objections.  To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity.  Any pages filed in excess of the fifteen (15) page limitation may be disregarded by

the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated:     April 22, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE